IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

ERNST & MARKO LAW, PLC
and JONATHAN R. MARKO,

Plaintiffs,

Case No. 19-cv-12679
Hon. Marianne O. Battani

v

KEVIN S. ERNST,

Defendant.

---

**STIPULATED ORDER APPOINTING A RECEIVER FOR ERNST & MARKO LAW, PLC**

This comes before the Court upon the stipulation of the parties; plaintiffs filed a motion seeking, among other relief, the appointment of a receiver to oversee the dissolution of Ernst & Marko Law, PLC (the Firm or EML) and to ensure the timely payment of Firm financial obligations; the Court having reviewed the motion and the parties stipulation below and otherwise being informed of its premises; the Court now says:

**Findings of Fact:**

1. This Court has jurisdiction over this matter under 28 U.S.C. § 1331, as plaintiffs' Verified Complaint seeks equitable relief within the exclusive jurisdiction of this Court and under the Lanham Act, 15 U.S.C. § 1125(a).

2. This Court has the authority to appoint a receiver in this matter under Fed. R. Civ. P. 66 and under the common law.

3. This dispute involves a law firm dissolution brought by one of the managing members of Ernst & Marko Law (Firm or EML), Jonathan Marko, against the other managing member, Kevin Ernst, and Ernst's counterclaims against Marko.

4. The Firm was located at 645 Griswold, Suite 4100, Detroit, MI. The Firm is no longer in active business. Marko is now practicing law in a separate location under a new law firm, Marko Law, PLLC. Ernst is now doing business at the Griswold location, but under a separate law firm, Ernst Charara and Lovell, PLC. The Firm's clients have authorized the transfer of their files to either Marko's new law firm or to Ernst's new law firm and the Firm has no clients.

5. The parties are currently operating under several Orders entered by the State Court, Honorable Brian Sullivan, when this matter was pending in the Wayne County Circuit Court before defendant's removal of the case to this Court.

6. First, there is a July 24, 2019 Stipulated Order appointing Wallace Glendening as a "facilitation transitioner [sic] and Court-appointed expert with the authority to facilitate disputes between the parties and to ensure that the transition of clients, funds and assets upon the dissolution of Ernst & Marko Law (Firm) occurred in a smooth, just and fair manner."

7. Next, on August 23, 2019, the State Court entered an Order regarding the handling of funds arising from cases for the Firm's former clients. The Order requires that all such funds must be deposited into an account maintained by or for the benefit of Mr. Glendening. The parties are also required to provide a proposed breakdown of the fees and costs incurred in the case, the client's share of the funds, any referral fees that are owed and the attorney fee earned. The Order authorizes Mr. Glendening and his financial consultant, Rodney Crawford, to make payments to the clients and for authorized expenses if no objection is received by the close of business the day after the breakdown is received.

8. On September 3, 2019, the State Court entered its last order before the case was removed: an "Order Regarding Cash Advances" authorizing Mr. Crawford to make two $150,000 cash advances, one to Marko and one to Ernst, after the balance in the account maintained by Mr. Crawford exceeded $300,000. Those initial cash advances were made. The September 3 Order also provides that future monthly cash advances may be made based upon each party's need for funds as evidenced by documentation presented to Mr. Glendening and Mr. Crawford. That Order further provides that the Court was not making any findings or rulings on how the fees will be ultimately divided. Two additional cash advances of $200,000 were also made by Mr. Glendening, one to Ernst and one to Marko in November 2019.

9. Disputes have arisen between the parties as to the payment of certain expenses and whether those expenses are Firm obligations. Disputes have also arisen between the parties as to whether additional cash advances should be made to the parties, and if so, at what amounts.

10. Since the entry of these Orders, disputes have arisen between the parties causing them to file various "emergency" motions with the Court seeking enforcement of and/or relief from the Orders. These disputes have been an impediment to a smooth and orderly dissolution of the Firm, irrespective of claims the parties may have against each another.

11. The parties have therefore agreed to the appointment of I. W. Winsten of Honigman LLP as receiver over the Firm's assets (the Receiver) to help facilitate the orderly dissolution of the Firm, ensure the timely payment of the Firm's financial obligations and the potential additional advances as more fully described below.

12. Mr. Winsten is a disinterested party in this case, he has prior experience in receiver related matters and is qualified and competent to act as the Receiver in this matter.

**Conclusions of Law**

13. The Court has jurisdiction over this matter, over the Firm, and over all the Firm's assets.

14. The Court concludes that it has the authority to appoint a receiver in this matter, that the appointment of the Receiver is proper and necessary in order to: (a) effectuate the orderly dissolution of the Firm; (b) to ensure the timely payment of the Firm's financial obligations, including amounts owed to former clients of the Firm, referral fees owed to referring attorneys and other necessary Firm expenses; (c) to ensure that the Firm's right to fees on cases it previously handled are protected; (d) determine how attorney fees owed to the Firm should be allocated between the Firm and the parties' new law firms; and (e) make further advances to the parties as determined appropriate.

**Order of the Court**

IT IS ACCORDINGLY HEREBY ORDERED, ADJUDGED, AND DECREED as follows:

1. The stipulation for appointment of a receiver is hereby GRANTED, as provided below.

2. Effective on the date of this Order, I. W. Winsten is appointed Receiver of and over all of the Firm's property and assets, wherever located, tangible or intangible, real and personal, whether in the custody, possession or control of the Firm or any third party, including, without limitation, all income, revenue, fees, proceeds and profits attributable to such assets, all funds on deposit in the IOLTA account maintained by Mr. Crawford, and all funds due and payable to Ernst & Marko Law, PLC on account of all cases filed by that firm, regardless of when such cases were filed (collectively herein, the "Receivership Assets").[1] During the receivership, and until further

[1] This shall include Firm cases filed in the name of "Marko Law PLC", prior to the name change back to Ernst & Marko Law, PLC in 2018.

order of the Court, the Receivership Assets shall remain under this Court's exclusive jurisdiction. The Receiver shall not be subject to the control of any of the parties to this matter, but shall be subject only to the Court's direction in fulfillment of the Receiver's duties. Entry of this Order, countersigned by the Receiver, evidences the Receiver's acceptance of its rights and duties hereunder.

3. Any requirement for the Receiver to post a bond is hereby waived.

4. As soon as the Receiver obtains any information he may need from Mr. Glendening, the Receiver shall discharge Mr. Glendening as the "facilitation transitioner and Court-appointed expert" and he shall have no further role in this matter.

5. The Receiver is authorized to continue employing the professional services of Mr. Crawford in his discretion.

6. The Receiver is authorized to maintain exclusive possession, custody and control of the Receivership Assets until the earlier of (a) termination of the Receivership Estate as set forth herein, or (b) until further order of this Court, provided that possession of the Receivership Assets by the Receiver shall not in any way constitute the transfer of legal or equitable title to any of the Receivership Assets to the Receiver. The authority granted to the Receiver is self-executing unless an action requires court approval, either expressly pursuant to this Order or in the Receiver's reasonable discretion. Subject to the provisions of this Order, the Receiver is authorized to act on behalf of, and in the Firm's name (or the Receiver's name) as the Receiver deems necessary and appropriate in the reasoned business judgment of the Receiver, without further order of this Court.

7. In furtherance of the rights and duties of the Receiver set forth in this Order, the Receiver shall have all powers and rights to administer and manage the Receivership Estate (as

defined below) and to assume possession, custody and control over the Receivership Assets, including without limitation:

(a) All accounting systems and business records of the Firm, including all documents, books, records, and computer files and all passwords needed to access information and all other records concerning the income and operation and management of all Receivership Assets;

(c) All accounts receivable, aged accounts listing, promissory notes, payment intangibles, instruments and other rights of the Firm to receive the payment of money;

(d) All claims and causes of action of the Firm;

(e) All equipment, machinery, inventory, furniture, vehicles, and supplies of the Firm;

(f) All patents, trademarks, copyrights and other intellectual property and confidential trade secrets of the Firm and all documents related thereto;

(g) All existing bank accounts, security deposits and security deposit accounts of the Firm and all petty cash;

(i) All tax refund claims, whether now in existence or hereinafter arising; and,

(j) All records pertaining to the management of the Receivership Assets as may be reasonably requested by Receiver.

Upon his appointment, the Receiver shall file a Certificate of Dissolution of EML consistent with MCL 450.4804, but consistent with MCL 450.4805(3), no action by or against the Firm shall abate and the dissolution shall be without prejudice to any of the claims or defenses of the parties.

8. The Receivership Assets and the rights of the Receiver under this Order are defined as the "Receivership Estate".

9. The Receiver is authorized to exercise the power of subpoena to compel any person to submit to an examination under oath or produce documents with respect to Receivership Estate or any other matter that may affect the administration of the Receivership Assets.

10. The Receiver shall have the power to present for payment any checks, money orders, and other forms of payment made payable to the Firm that constitute or are derived from

the rents and profits of the Receivership Assets, endorse same and collect the proceeds thereof. The Receiver shall have the sole and exclusive authority to take possession of bank and other deposit accounts of the Firm related to the Receivership Assets, and to use, open, transfer, and change all bank and trade accounts relating to the Receivership Assets, so that all such accounts are in the name of the Receiver.

11. The Firm and its former members, managers and employees, and anyone acting in concert with them, shall immediately turn over possession, custody and control of the Receivership Assets to the Receiver and shall cooperate fully with the Receiver as the Receiver performs the duties provided under this Order, and shall immediately deliver to the Receiver all keys and/or passcodes necessary to access any of the Receivership Assets. The Firm and its former members, managers and employees shall make available to the Receiver all books and records necessary or helpful to the Receiver in the performance of its duties under this Order.

12. The Receiver shall have the right to bring and prosecute litigation for recovery of any Receivership Assets, collection of accounts or other claims for funds that are owed to the Firm, including without limitation, fraudulent transfer claims or other avoidance actions arising under applicable law, claims to preserve and advance any liens, and claims for fees. The Receiver may undertake its collection duties in the Firm's and/or the Receiver's name in assisting the Receiver with the collection of the Firm's uncollected accounts receivable. The Receiver may alter the place of payment, settle, compromise, and otherwise take all actions necessary to collect all outstanding accounts receivable of the Firm, without further order of Court, and to liquidate all other Receivership Assets, including without limitation notifying account debtors to pay the Receiver directly the proceeds of all outstanding accounts receivable and a copy of this Order may be remitted to account debtors and may be relied upon by account debtors as authority to pay the

Receiver solely and directly. Any account debtor who makes payment to the Receiver shall have full credit in the amount of such payment with respect to its obligations owing to the Firm.

13. The Receiver shall promptly deposit or cause to be deposited all funds payable to the Firm into the IOLTA trust account maintained by Mr. Crawford or into the Firm's operating account (or such other account established by the Receiver), as appropriate.

14. The Receiver has the authority to promptly pay or authorize the payment from the IOLTA account or operating account, as applicable, (a) funds due to the Firm's former clients, (b) referral fees owed to referring attorneys, (c) necessary expenses of the Firm and expenses related to its dissolution and (d) amounts the Receiver determines should be disbursed to the Firm's former members. The Receiver has the authority to determine, out of any fees in which the Firm has a lien, a claim or a right to any proceeds, the potion of such funds that are attributable to the Firm and the portion that are attributable to Mr. Marko's or Mr. Ernst's new firm, respectively, and to promptly pay such amounts. As to any amounts the Receiver determines are attributable to the Firm, he shall have the right, but not the obligation, to advance funds to Mr. Marko and/or Mr. Ernst, although such advances shall have no preclusive effect and shall be without prejudice to any party's rights in the litigation.

15. The Receiver is authorized to liquidate the Receivership Assets and/or wind up the firm's affairs, including by selling any Receivership Assets.

16. The Receiver is granted the fullest powers, rights and protections of a receiver permitted under applicable law and in equity to perform the above duties and preserve, manage, secure, safeguard and distribute the Receivership Assets.

17. The Receiver is authorized to perform and/or direct performance of legal, accounting, consulting and tax services with respect to the Receivership Assets, as necessitated by

this proceeding or by law in connection with the performance of the Receiver's duties. The Receiver shall be under no obligation to complete or file federal income tax returns on behalf of the Firm, such responsibility to remain with the Firm, but the Receiver shall furnish the parties to the Case with such access to books and records within the Receiver's custody or control as may be reasonably requested by such parties and necessary to complete and file such returns, or other regulatory or governmental filings or reports. Nothing herein shall be construed as imposing any obligation on the Receiver for any taxes.

18. Nothing in this Order shall require the Receiver to advance funds for any purpose if the Receiver does not have such funds available to it from the Receivership Assets.

19. The Receiver shall not settle any claims against the Firm without first seeking the consent of the parties hereto.

20. The Receiver, which, for purposes of this paragraph, shall include his employees, agents, and professionals that he may retain to assist him with the performance of his duties, and others engaged in connection therewith while lawfully acting as such, is deemed an agent of the Court and is entitled to and shall have immunity to the fullest extent of the law. The Receiver shall not be liable for any act or failure to act or for any loss sustained through any error of judgment unless it results from the Receiver's own intentional or gross misconduct. The determination of the Receiver's intentional or gross misconduct must be established by clear and convincing evidence. The Receiver's reasonable exercise or non-exercise of powers and discretion in accordance with the terms of this Order shall be conclusive on all persons. In addition, the Receiver shall not be liable personally for any claim, obligation, liability, action, cost or expense of the Firm to any person or entity whether arising out of or related to events occurring prior to or after the commencement of the Receivership Estate or otherwise. Any execution of documents made by

the Receiver pursuant to the powers and rights conveyed by this Order shall be construed as having been made by the Receiver solely and exclusively in his capacity as Receiver, and not as an actual party to this action or to any such agreement or writing.

21. The Receiver's duty to act as receiver is subject to the terms of this Order, as it may be amended, supplemented or modified from time to time.

22. This Order operates as a stay, applicable to all persons, of any act, action, or proceeding to (a) obtain possession of, exercise control over, or enforce a judgment against the Receivership Assets, or (b) enforce a lien against the Receivership Assets to the extent the lien secures a claim against the Firm that arose before entry of this Order. The Court may enjoin any act, action, or proceeding against or relating to the Receivership Assets if the injunction is necessary to protect receivership property or to facilitate the administration of the receivership. Any act taken that violates this stay or injunction may be voided by this Court, and in the event of any knowing violation of the stay or injunction by any person, the Court may sanction such violation as civil contempt and/or award actual damages caused by such violation, along with reasonable attorneys' fees and costs.

23. Any party to this case may at any time apply to this Court by motion with notice to all attorneys of record for further or other instructions or for further powers necessary to enable the Receiver to perform the Receiver's duties properly.

24. The Receiver and any professionals, agents and employees he may engage, shall be compensated monthly, and the Receiver is authorized to pay the fees and expenses incurred by the Receiver for professional services in accordance with the terms of any underlying engagement. The Receiver shall file with the Court financial reports quarterly not later than the 30th day of the end of each quarter and shall serve a copy upon counsel for the parties. That portion of the expenses

comprising the Receiver's fees and out-of-pocket expenses (including without limitation, the fees and expenses incurred by the Receiver for professional services) shall be an expense of administration of the Receivership Estate and shall be a first charge and lien against all assets of the Receivership Assets, excluding any funds held for the benefit of the Firm's former clients and subject always to the terms and conditions of this Order.

25. The Receiver may retain attorneys, accountants, and other professional services to assist it in carrying out its obligations as Receiver. Upon the filing of any required disclosures, Honigman LLP ("Honigman") shall be authorized and appointed to act as Receiver's counsel. Receiver's counsel shall be paid for all services at the regular hourly rates of any attorneys and paralegals of Receiver's counsel. In retaining professionals, the Receiver shall use his reasonable judgment in incurring fees and costs of such professionals

26. The Receivership Estate shall continue until the Receiver has been discharged as set forth herein. The Receiver may resign upon thirty (30) days' notice to the parties and the entry of a further Order of this Court. The Receiver may also be removed in the Court's equitable discretion for cause shown. If the Receiver is removed, a successor receiver may be appointed on an expedited basis by motion filed by either party requesting the appointment of a successor receiver. If the Receiver is removed or resigns, the Receiver's final account shall be filed within 30 days of the removal or resignation of Receiver.

27. At such time as the Receiver has either (a) distributed all of the Receivership Assets, and/or (b) at such other time as the Court may determine and direct upon appropriate motion by any party in interest, and upon the giving of notice and the approval by this Court of a final account of the Receiver's duties hereunder, the Receiver shall be released and discharged from further obligations hereunder.

28. This Court retains jurisdiction to modify the terms of this Order and to expand or contract the rights, duties and obligations of the Receiver, and to enter such other Orders as it may deem necessary, just, and proper, from time to time during the pendency of this action.

29. This Order fully resolves and terminates the following motions:

| | | |
|---|---|---|
| 11/07/2019 | 28 | Emergency MOTION to Appoint Receiver *and Authorizing the Filing of a Certificate of Dissolution of Ernst & Marko Law, PLC* by Ernst & Marko Law, PLC, Jonathan R Marko |

| | | |
|---|---|---|
| 01/10/2020 | 37 | Emergency MOTION to Compel *Advances To The Parties To Fund Operating Expenses Pursuant to September 3, 2019 Order* by Kevin S. Ernst) |

| | | |
|---|---|---|
| 03/02/2020 | 41 | MOTION for Order *Appointing Receiver - or Alternatively to Schedule Trial* by All Plaintiffs. |

30. Further, this Order terminates without prejudice the following motions:

| | | |
|---|---|---|
| 10/29/2019 | 19 | MOTION for Summary Judgment by Kevin S. Ernst. |

| | | |
|---|---|---|
| 03/12/2020 | 42 | MOTION In person status conference by Kevin S. Ernst. |

Accordingly, there are no further pending motions before the Court at this time.

SO ORDERED.

Date: March 26, 2020

s/Marianne O. Battani
MARIANNE O. BATTANI
United States District Judge

We stipulate to entry of this Order:

BROOKS WILKINS SHARKEY &
TURCO PLLC
Attorneys for Plaintiffs

*/s/ Keefe A. Brooks (w/consent)* ____________
Keefe A. Brooks (P31680)
Steve M. Ribiat (P45161)
401 S. Old Woodward, Sutie 400
Birmingham, MI 48009
248-971-1800 Ph/248-971-1801 Fax
brooks@bwst-law.com

THE MILLER LAW FIRM, P.C.
Attorneys for Defendant

*/s/ Marc L. Newman*_________
Marc L. Newman (P51393)
950 W. University Drive, Suite 300
Rochester, MI 48307
248-841-2200 Ph/248-652-2852 Fax
mln@millerlawpc.com

ANTHONY L. DELUCA, PLC
Anthony L. Deluca (P64874)
14950 East Jefferson Avenue, Suite 170
Grosse Pointe Park, MI 48230
313-821-5905 Ph
anthony@aldplc.com

Accepted by:

Receiver

/s/ I. W. Winsten_________________________
I.W. Winsten (P30528)
Honigman LLP
660 Woodward Ave Ste 2290
Detroit, MI 48226-3506
(313) 465-7608
iww@honigman.com